IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-561-WKW |
| | ) | [WO] |
| ALABAMA DEPARTMENT OF | ) | |
| REVENUE and ALABAMA | ) | |
| DEPARTMENT OF PUBLIC | ) | |
| HEALTH, d/b/a CHILDREN'S | ) | |
| HEALTH INSURANCE PROGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORAND OPINION AND ORDER**

In this retaliation action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, Plaintiff Charles Greene alleges that Defendant Alabama Department of Revenue ("ADR") fired him either in retaliation for engaging in protected conduct or after being influenced or persuaded by Defendant Alabama Department of Public Health ("ADPH"), his prior employer, to fire him. On August 18, 2017, the Magistrate Judge filed a Recommendation (Doc. # 34) that Defendants' separate motions to dismiss (Docs. # 24, 25) be granted. Plaintiff timely objected to the Recommendation. (Doc. # 35.) Upon an independent and *de novo*

review of the record and the Recommendation, Plaintiff's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss, courts "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Paradise Divers, Inc. v. Upmal*, 402 F.3d 1087, 1089 (11th Cir. 2005) (citation omitted); *see also Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) ("We have held many times when discussing a Rule 12(b)(6) motion to dismiss, that the pleadings are construed broadly, and that the allegations in the complaint are viewed in the light most favorable to the plaintiff." (internal citations and quotation marks omitted)).

To survive Rule 12(b)(6) scrutiny, however, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim, there are "plausible" grounds for recovery, and a motion to dismiss should be denied. *Twombly*, 550 U.S. at 556. The claim can proceed "even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (citation and internal quotation marks omitted). But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

### III. DISCUSSION

Plaintiff systematically objects to almost every word of the Discussion section of the Recommendation (Doc. # 34, at 7–13), generally using the same formula. Each of the twelve numbered paragraphs of Plaintiff's objection starts with "Plaintiff objects to the magistrate's legal conclusion," followed by a parenthetical citation to the Recommendation that includes the page number and often a more specific part of the cited page. After the parenthetical, every numbered paragraph (except for the first) in Plaintiff's objection continues with "that the allegations of the Amended Complaint are insufficient because," (Doc. # 35, at 2–4) (the first paragraph continues with "that the Amended Complaint fails to present factual allegations

3

concerning,'" (Doc. # 35, at 1)). In fact, this formula constitutes the entirety of paragraphs seven and eight, which purport to object to pages ten through eleven and the bottom of page eleven, respectively, but offer no hint as to the grounds of the objection. (Doc. # 35, at 3.)

After this formulaic start, paragraphs three through six and nine through twelve vary based on the specific part of the Recommendation to which they object and the explanation of the objection. But those objections (with the exception of paragraph ten, discussed separately below) fit into one of two buckets, as they each incorporate Plaintiff's arguments in either paragraph one or paragraph two.

Paragraphs one and two are consequently the heart of Plaintiff's Objection. The arguments therein, along with the other arguments in Plaintiff's Objection, are unavailing.

**A.    Plaintiff's objection in paragraph one is without merit because *Twombly* and *Iqbal* apply.**

In paragraph one, Plaintiff objects to the Recommendation's conclusion that the allegations in Plaintiff's Amended Complaint (Doc. # 32) as to the causation element of his retaliation claim under Title VII "consist of only the sort of labels and conclusions that, under the standard of *Twombley* [sic] and *Iqbal*, are insufficient to state a claim." (Doc. # 35, at 1 (quoting Doc. # 34, at 7).) Plaintiff argues that his case is distinguishable from *Twombly* and *Iqbal*, with the implication being that *Twombly* and *Iqbal* therefore do not apply to Plaintiff's Amended Complaint. (Doc.

4

# 35, at 1–2.)  Plaintiff made a similar argument in his responses to Defendants' motions to dismiss.  (Doc. # 27, at 5–6; Doc. # 28, at 5.)

The Magistrate Judge correctly rejected this argument in the Recommendation (Doc. # 34, at 9 n.1).  As the Magistrate Judge put it, "*Twombly* and *Iqbal* merely interpret Rule 8 [of the Federal Rules of Civil Procedure], and Rule 8 is applicable to all federal complaints.  *Twombly* and *Iqbal*'s interpretation of Rule 8 is routinely applied in assessing the sufficiency of Title VII retaliation complaints like Plaintiff's."  (Doc. # 34, at 9 n.1 (citing *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 395 (11th Cir. 2012) (per curiam).)  Plaintiff's objection in paragraph one is thus without merit.  To the extent Plaintiff incorporates paragraph one's reasoning in paragraphs four, nine, and eleven, the objections in those paragraphs are similarly without merit.

B.  **Plaintiff's objection in paragraph two is without merit because identifying the employee who made the decision to fire Plaintiff is necessary to determine whether Plaintiff's firing was retaliatory.**

In paragraph two, Plaintiff objects to the Recommendation's conclusion that the allegations in his Amended Complaint are insufficient because they do not identify specific employees involved.  (Doc. # 35, at 2.)  In support of his objection, Plaintiff cites *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), for the proposition that an employer can be held vicariously liable for the actions of one of its supervisory employees.  (Doc. # 35, at 2 (citing *Ellerth*, 524 U.S. at 762).)  But

the Recommendation did not question whether Defendants could be liable for the actions of their respective employees. To the contrary, the Recommendation highlighted Plaintiff's failure to identify any specific employee of either Defendant to emphasize Plaintiff's failure to identify the person who decided to fire him. (Doc. # 34, at 10.)

That pleading failure is fatal to Plaintiff's retaliation claim. As the Recommendation noted, where allegations of temporal proximity are lacking—as they are here (Doc. # 34, at 7–8)—in order to establish the necessary causation element of a Title VII -retaliation claim, "a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." (Doc. # 34, at 7 (quoting *Shannon v. BellSouth Telecomms., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002)).) Without identifying the employee who made the decision to fire him, Plaintiff could not sufficiently allege that the decision-maker was aware of Plaintiff's protected conduct. *See Enadeghe v. Ryla Teleservices, Inc.*, No. 1:08-CV-3551-TWT, 2010 WL 481210, at *9 (N.D. Ga. Feb. 3, 2010).

Someone at both ADR and ADPH may have been aware of Plaintiff's protected conduct, but that awareness cannot be imputed to ADR or ADPH. *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 800 (11th Cir. 2000). Even if it could be, it could not be plausibly imputed to every one of ADR's and ADPH's

6

employees. And if the employee who made the decision to fire Plaintiff was not personally aware of Plaintiff's protected conduct or otherwise influenced by someone who was, that employee could not have decided to fire Plaintiff in retaliation to Plaintiff's protected conduct. *Brungart*, 231 F.3d at 799 ("A decision maker cannot have been motivated to retaliate by something unknown to him.").

The question, then, is whether the ADR employee who made the decision to fire Plaintiff was aware of (or was influenced by someone who was aware of) Plaintiff's protected conduct. That question remains unanswered because Plaintiff has failed to identify the decision-maker. As long as that question remains unanswered, Plaintiff cannot satisfy the causation element of a Title VII retaliation claim. *See Enadeghe*, 2010 WL 481210, at *9.

Plaintiff's failure to identify the person who decided to fire him belies the speculative nature of his claim. Plaintiff has clearly alleged at two least facts. First, he engaged in protected conduct by submitting multiple charges with the Equal Employment Opportunity Commission against ADPH. (Doc. # 32, at 5.) Second, Plaintiff was later fired by ADR. (Doc. # 32, at 5.) But Plaintiff has not alleged anything to connect his protected conduct to his firing beyond mere speculation. Such speculation is insufficient to state a Title VII retaliation claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555.

In sum, Plaintiff's objection to paragraph two is without merit. To the extent Plaintiff incorporates paragraph two's reasoning in paragraphs three, five, six, and twelve, the objections in those paragraphs are similarly without merit.

**C.     Plaintiff's other objections are without merit.**

The only other objection that warrants discussion is in paragraph ten, which offers a distinct objection focusing on the second footnote in the Recommendation. (Doc. # 35, at 4.) In that footnote, the Magistrate Judge noted that Plaintiff's earlier lawsuit against ADPH—which is one of the protected acts Plaintiff engaged in, satisfying the first element of a Title VII retaliation claim—had been referred to the same Magistrate Judge as the instant case. (Doc. # 34, at 11 n.2.) Plaintiff's earlier action was so trivial, the Recommendation reasoned, that "it is simply implausible" that the earlier action led ADR to terminate Plaintiff, "with or without ADPH's alleged cajoling." (Doc. # 34, at 12 n.2.)

Plaintiff offers no argument and cites no authority to support his claim that the triviality of Plaintiff's earlier claims is irrelevant. Moreover, this finding was by no means essential to the Magistrate Judge's overall conclusion. Indeed, it appears only in a footnote in the Recommendation at the end of its discussion of Plaintiff's primary theory of liability. Even assuming for the sake of argument that Plaintiff is correct that "the viability, or lack thereof, of claims underlying a Title VII retaliation claim are irrelevant" (Doc. # 35, at 4), the Recommendation would withstand the

deletion of that footnote. In short, Plaintiff's objection in paragraph ten is without merit.

To the extent that Plaintiff objects on any other grounds, those grounds are without merit and warrant no discussion.

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 34) is ADOPTED;

2. Plaintiff's objections (Doc. # 35) are OVERRULED;

3. Defendants' Motions to Dismiss (Docs. # 24, 25) are GRANTED;

A final judgment will be entered separately.

DONE this 25th day of September, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE